# IN RE: GUARDIANSHIP OF KORY PENN, KASEEM PENN AND KAI MOOLENAAR, Kai Moolenaar, Appellant

No. 93-7360

United States Court of Appeals

for the Third Circuit

January 27, 1994

DIANE M. RUSSELL, ESQ. (Argued), JOEL H. HOLT, ESQ. (LAW OFFICES OF JOEL H. HOLT), Christiansted, St. Croix, V.I., *for appellant*

BRENDA J. HOLLAR, ESQ. (Argued), Charlotte Amalie, St. Thomas, V.I.

BEFORE: MANSMANN, HUTCHINSON and LEWIS, *Circuit Judges*

## OPINION OF THE COURT

MANSMANN, *Circuit Judge*

Eighteen-year-old Kai Moolenaar appeals the district court's determination that the guardianship appointed on her behalf to administer funds from a large tort settlement reached when she was ten would not expire until Kai reaches age twenty-one. We will affirm the district court's order.

### I.

Kai Moolenaar was seven years old when she and her two younger brothers were injured in a propane explosion that occurred on the island of Saint Thomas. Their lawsuit against Carib Gas[1] was subsequently settled for several million dollars while the children were still minors. The district judge appointed Brenda J. Hollar, Esq., as guardian and administrator of the funds.[2]

Kai became eighteen years old on March 7, 1993 and requested that the funds be distributed to her on the basis that the statutory age of majority in the Virgin Islands is eighteen years. The guardian refused, citing title 15, section 824 of the Virgin Islands Code, which provides that guardians appointed by the court maintain control of funds until the minor's twenty-first birthday.[3]

The guardian filed a motion seeking the court's determination of when the guardianship would expire. The court issued an order that "until and unless the Legislature amends 15 V.I.C. § 824 to state otherwise, the age of majority for guardianship purposes shall be twenty-one."

---

[1] Kaseem Penn, Kory Penn, Cephus Penn, Kai Moolenaar, Arlene Hedrington and Adina Mills v. Carib Gas Corporation of St. Thomas v. Caribbean Cylinder Co., Inc. and Tanquest Para Gas, S.A., Civil No. 144/1982, and Hugo Moolenaar, guardian ad litem for his minor daughter, Kai Moolenaar v. Carib Gas Corporation of St. Thomas, Civil No. 130/1982 (D.C.V.I.).

[2] Although the order appointing the guardian did not specify the time when the guardianship would end, the petition had requested that the guardian be appointed until Kai reached her eighteenth birthday. Neither the petition nor the order stated the statutory provision relied upon for the appointment of the guardian.

[3] V.I. Code Ann. tit. 15, § 824 (1964).

The district court's jurisdiction is premised upon 48 U.S.C. § 1612(b),[4] and the authority for appointing the guardian presumptively rests on title 15, sections 801 and 821 of the Virgin Islands Code.[5]

## II.

Before we address the merits of this case, we must determine whether we have jurisdiction. The guardian maintains that Kai should have sought certification from the district court pursuant to Federal Rule 54(b), because her two brothers have not yet reached the age of eighteen and arguably this issue has not yet become final as to them.[6]

When this lawsuit was filed in 1982, the Clerk of the District Court of the Virgin Islands docketed it at numbers 144/1982 and 130/1982. When the suit was settled and Ms. Hollar was appointed as guardian, the court issued the orders under those docket numbers.

The motion presently under consideration was docketed in the district court under a new number: # 88-00242. Despite the new docket number for the current proceedings, the order that is the subject of this dispute is connected to the original action and arises out of and subsequent to the final adjudication of the children's

---

[4] 48 U.S.C. § 1612(b) (1987). See also Revised Organic Act of 1954, § 22(b) (Supp. 1993) and V.I. Code Ann. tit. 4, § 32 (Supp. 1993) (legislative statements of the same law). Cf. V.I. Code Ann. tit. 4, § 76(a) (Supp. 1993) (territorial court jurisdiction).

[5] V.I. Code Ann. tit. 15, §§ 801 and 821 (1964).

Kai argues that the guardian was not appointed pursuant to Title 15 because neither the petition requesting the appointment nor the order approving it referenced Title 15, and because § 821 requires posting a bond, which was not done here. Rather, Kai suggests that the guardian was appointed pursuant to the court's ancillary jurisdiction.

Ancillary jurisdiction (now referred to as "supplemental jurisdiction" per 28 U.S.C. § 1367 (Supp. 1993)) is invoked when there is neither legislative nor constitutional authority giving subject matter jurisdiction to the court. Ambromovage v. United Mine Workers of Am., 726 F.2d 972, 989–91 (3d Cir. 1984). Here the district court had subject matter jurisdiction pursuant to Title 15, and therefore, had no reason to invoke ancillary jurisdiction.

[6] Fed. R. Civ. P. 54(b).

claim of damages against Carib Gas. Thus, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[7]

## III.

> Every guardian appointed pursuant to sections 821–823 of this title shall have the custody and tuition of the minor and the care and management of his estate, and shall continue in office until the minor shall have arrived at the age of twenty-one years, or until the guardian shall have been discharged according to law . . . .

V.I. Code Ann. tit. 15, § 824 (1964).

The plain language of this statute makes clear that Attorney Hollar shall remain the guardian of Kai's settlement proceeds until Kai reaches her twenty-first birthday. Thus it would appear that our inquiry is at an end; however, Kai contends that because the age of majority in the Virgin Islands was reduced to eighteen years by the Legislature in 1972, she is entitled to take control of the money now:

> All persons are deemed to have arrived at the age of majority at the age of 18 years, and thereafter shall have control of their own actions and businesses and have all the rights and be subject to all the liabilities of persons of full age.

V.I. Code Ann. tit. 16, § 261 (Supp. 1993). Kai argues that these two statutory provisions are directly contradictory and that we should declare that the twenty-one year age limit is amended by implication. We disagree.

The subject matter of the two provisions at issue are in pari materia, that is, they are so closely related that one must be construed so as not to make the other meaningless, particularly in areas of general and special legislation.

---

[7] 28 U.S.C. § 1291 (1993).

Kai argues alternatively that our jurisdiction is based on the collateral order doctrine. This doctrine requires that the order at issue address a matter "collateral" to the merits of the litigation, completely resolve the disputed question and be too significant to be denied review. Further, effective review would be doubtful if the appeal is deferred until the entry of a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468–69 (1978). Because we hold that the order being appealed is subsequent to a final order, we do not address the collateral order doctrine.

General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

Creque v. Luis, 803 F.2d 92, 94 (3d Cir. 1986) (quoting 2A Sutherland Statutory Construction § 51.05 (4th ed. 1984)).

Here the general statute is the one setting the age of majority at eighteen years, while the special statute addresses guardianships and the age at which they terminate. By reading each provision literally, we find that the two are not diametrically opposed and can be construed in harmony with each other.

Kai maintains that it is logically inconsistent to give a literal reading to both statutes and hence, there is no basis for the different treatment. She points out that if a lawsuit is settled while a child is seventeen years of age, the child cannot obtain control of the funds until age twenty-one. However, if the lawsuit is settled after the child becomes eighteen, seemingly the child, who is now deemed an adult, could take personal possession of the settlement proceeds.[8]

We agree that pursuant to title 16, § 261, Kai is responsible for her own business affairs and can be held accountable for contracts she voluntarily enters. That does not mean, however, that she can acquire control and responsibility for arrangements that have been made on her behalf prior to reaching the age of eighteen. There are different policy rationales at stake when a young person is in receipt of a great deal of money versus that person being able to enter into, and thus be answerable for, her own contracts.

There is no legislative history available on either statute, leaving us to determine whether there is a reasonable basis for the existence of both statutes as they are currently written. Although the common denominator in both statutes is to protect young people from their own follies, we note that the obvious distinction between the two is that a guardian is commonly appointed only when

---

[8] Kai does not cite to any authority for this proposition, nor do we comment on its legitimacy.

a minor receives an extraordinary amount of money, often as the result of a personal tragedy. Thus, we may infer that the Legislature maintains the view that it is in the best interest of the minor to have this monetary amount remain in the control of a guardian until the minor attains the age of twenty-one. It is not necessary that we enumerate a variety of reasons or determine the most favorable rationale for the concurrent existence of both statutes, only that we find a reasonable relationship between the letter and the spirit of both.

■ The settlement agreement that was entered into on Kai's behalf was done not with her consent, but with her best interest in mind. Thus, we hold that it is reasonable to presume that a minor's best interest is continually put forward by not permitting eighteen-year-olds to second guess decisions made on their behalf regarding large amounts of money, but rather, to wait until the more mature age of twenty-one. The fact that the same minor is permitted to negotiate and consummate contracts at age eighteen is not inconsistent with this policy.

### IV.

■ In any event, the intention of the Legislature to amend a statutory provision by implication must be clear and manifest. In addressing the argument of a *repeal* by implication, we stated in Government of Virgin Islands v. Mills, 935 F.2d 591 (3d Cir. 1991):

> "'It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored' . . . and whenever possible, statutes should be read consistently." A repeal by implication may be found if (1) provisions in two acts are in irreconcilable conflict or (2) it is clear that an earlier act was intended to be replaced by a subsequent act completely covering the same subject. In any event, *"the intention of the legislature to repeal must be clear and manifest."*

Id. at 596 (citations to quotations omitted) (emphasis added). We find this analysis equally applicable to amendments by implication, for the Supreme Court has stated that "[a]mendments by implication, like repeals by implication, are not favored." United States v. Welden, 377 U.S. 95, 102 n.12 (1964) (citing 1 Sutherland, Statutory Construction (3d ed.) 365–66). Thus, we conclude that amendments by implication, like repeals by implication, should be

based upon the Legislature's clear and manifest intention. With respect to § 824 of title 15, we have been unable to locate, nor does Kai point to, any clear or manifest indication that title 16, § 261 was intended to amend it. We do have, however, legislative activity involving other Virgin Islands age statutes.

Previously, we have held that the Virgin Islands Legislature's amendment of the age of majority did not provide a "blanket" change to other statutes having an age twenty-one benchmark. See Galvan v. Hess Oil Virgin Islands Corp., 549 F.2d 281, 288–89; 13 V.I. 636 (3d Cir. 1977). There we addressed whether the amended age of majority in the Virgin Islands implicitly amended the infancy tolling provision set forth in title 5, section 36(a)(1) of the Virgin Islands Code.[9] We noted that on the same day the Legislature amended the age of majority, it also reduced the age of emancipation by parental consent from eighteen to sixteen and amended the ages in two other acts with age-specific requirements. Such a "piecemeal approach," we held, was evidence against an intent to amend by implication.

■ This legislative activity is also counter-suggestive to an intent to amend the age to terminate guardianships by implication. Without evidence to the contrary we must assume that the Legislature knew of the twenty-one-year age limit for guardianships and consciously chose not to extend the eighteen-year age of majority to those situations.[10] The Supreme Court has held that "a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum. 'Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.'" Rodzanower v. Touche Ross & Co., 426 U.S. 148, 153 (1976) (quoting Morton v. Mancari, 417 U.S. 535, 550–51 (1974)). Thus, in the absence of any expression by the

---

[9] V.I. Code Ann. tit. 5, § 36(a)(1) (1967).

[10] "'It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes.'" Marlowe v. Bottarelli, 938 F.2d 807, 813 (7th Cir. 1991) (quoting 2A C. Sands, Sutherland Statutory Construction § 51.02 (4th ed. 1984)). See also International Union of Elec. Radio and Mach. Workers v. Westinghouse Elec., 631 F.2d 1094, 1110 (3d Cir. 1980) (Van Dusen, J., dissenting).

Legislature on the narrow topic of guardianships, we are not at liberty to read an amendment into that statute but must presume that the reduction in the age of majority applies only to the changed statute, namely, to the age of majority.

## V.

Therefore, we hold that the Legislature did not intend to amend title 15, § 824 by the amendment of title 16, § 281, and there is a reasonable basis for the existence of both statutes. If it is the desire of the Legislature to change the law regarding the age to terminate guardianships, it can do so expressly just as it changed the age of majority. We will thus affirm the order of the district court.