**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LEANDER THOMAS, Defendant**

Criminal No. 139/95

Territorial Court of the Virgin Islands

Div. of St. Croix

April 20,1995

Denise Hinds-Roach, Esq., Assistant Attorney General (Department of Justice), Christiansted, St. Croix, U.S.V.I., *for plaintiff*

Indira Raichoudhury, Esq., Assistant Territorial Public Defender, Christiansted, St. Croix, U.S.V.I., *for defendant* ·

## MEMORANDUM OPINION

### INTRODUCTION

The issue presented in this matter is: Whether assault first degree is a detainable offense in the Territorial Court? The defendant was arrested and charged with assault first degree and related weapon offenses pursuant to Virgin Islands law. The government moved for detention asserting that the case was eligible because: 1) assault first degree is a crime of violence under federal law and therefore a detainable offense pursuant to 18 U.S.C. 3142(f)(1)(A); and 2) the defendant obstructed justice and is thus detainable under 5 V.I.C. 3504a(a)(2). The defendant countered that he is not detainable and must be granted bail pursuant to Territorial Court Rule 141(a) because: 1) Pursuant to Territorial Court Rule 7, 5 V.I.C. 3504a(a)

(the Local Detention Statute) is the controlling statute regarding eligibility for detention since its provisions are contrary to 18 U.S.C. 3142(f)(1); 2) None of the offenses with which he is charged is a detainable offense under Section 3504a(a)(1); and 3) The government has not established, pursuant to 5 V.I.C. 3504a(a)(2), that he injured any witness *for the purpose of obstructing justice*.[1] For the forthcoming reasons, this Court concludes that assault first degree is a detainable offense in the Territorial Court pursuant to Rule 141(b) of the Territorial Court Rules.

## PROCEDURAL BACKGROUND

On or about March 5, 1995 the defendant was arrested for shooting and seriously wounding Hugo Greenidge in the back. He was advised of his rights the following day and the government moved for a 10-day detention, pursuant to 18 U.S.C. 3142(d), to permit revocation of his probation in two prior matters. By March 16, 1995, the defendant's probation was not revoked and the government orally moved for regular detention pending trial. A hearing on the motion was held on March 16, 1995 and the matter was taken under advisement.

## ANALYSIS

██ ██ The 1984 Bail Reform Act has been made applicable to release proceedings in the Territorial Court.[2] Terr. Ct. Rule 141(b). It provides in pertinent part:

---

[1] 5 V.I.C. 3504a(a)(2) requires that a defendant attempt to or actually injure, threaten, or intimidate a witness or juror *for the specific purpose of obstructing justice*. 5 V.I.C. 3504a(a)(2). The government argued that the wounding of the victim here establishes an attempt to obstruct justice. The mere fact that a defendant injures his victim during the commission of a crime, without more, does not establish an intent to obstruct justice. The victim could have been shot for a variety of reasons short of obstruction of justice. Accordingly, the government has failed to establish the defendant's eligibility for detention under Section 3504a(a)(2). The only remaining basis for detention is the nature of the offense charged. This opinion primarily addresses that basis.

[2] The 1984 Bail Reform Act (18 U.S.C. 3141-3156) was first applied in the Territorial Court subsequent to a 1986 amendment of Territorial Court Rule 141(b) by the District Court. Order dated Oct. 17, 1986, U.S.D.C.V.I.; *See* Explanatory Notes following text of Terr. Ct. Rule 141(b). Judicial notice is hereby taken that the Territorial Court has applied the 1984 Act over the years in release proceedings. Subsequently, on October 14, 1994, pursuant to Section 21(c) of the Revised Organic Act, this Court promulgated its First General Amendments to the Territorial Court Rules and continued in effect Rule 141(b). *In Re: Order Amending Rules of the Territorial Court of the Virgin Islands*, Misc. No.

**(f) Detention hearing.** — The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence;

. . . . . . . . . . or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that the person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. 3142(f)(1)(A) and 3142(f)(2). "Crime of violence" is defined as:

an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, or (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 3156(a)(4). Assault first degree is an offense which has as an element the use or threatened use of physical force against person. *See*, 14 V.I.C. 295. It is also a felony which involves a

---

81A/1994, (Terr. Ct. Oct. 14, 1994); *See*, 1995 VIRGIN ISLANDS COURT RULES ANNOTATED— SPECIAL SUPPLEMENT CONTAINING TERRITORIAL COURT RULES, Pgs. 56-57 (republishing Rule 141(b)). The text of the rule refers to the 1966 Act. However, in light of the practice of applying the 1984 Act and the language in the Explanatory Notes following the text of the rule, the clear intent of this Court was to continue in effect the 1984 Act. Further, the 1984 Act is applied in the District Court in release proceedings. One of the purposes behind the Amendments was to make the rules as consistent as possible with those in the District Court. *See* Preface to First General Amendments to the Territorial Court Rules (stating that intent was to ensure that revisions were as consistent as possible with District Court rules for convenience of bar members). Thus the 1984 Bail Reform Act applies to the Territorial Court per Rule 141(b).

substantial risk that physical force against person may be used in committing the offense. *See,* 14 V.I.C. 295. Assault first degree is thus a detainable offense under the Bail Reform Act.

The Local Detention Statute provides:

> (1) **Dangerous crime.** A person charged with murder in the first degree, rape in the first degree, arson in the first degree, robbery in the first degree, burglary in the first degree, kidnapping for ransom, or drug trafficking (. . . . . . . .) may by order of the court be detained . . . . if the government certifies by motion that there is no one condition or combination of conditions which will reasonable assure the safety of the community or . . . that the person will appear for trial.
>
> (2) **Other Offenders.** A person charged with any offense may by order of the court be detained . . . . prior to trial if the person for the purpose of obstructing or attempting to obstruct justice, threatens, injures or intimidates . . . . any prospective witness or juror.

5 V.I.C. 3504a(a)(1) and (2). Since assault first degree is not one of the listed crimes, it is not a detainable offense under the Local Detention Statute. 5 V.I.C. 3504a(a)(1).

The government argues that the Bail Reform Act and the Local Detention Statute should be read harmoniously to permit detention under one statute where not permissible under the other. The defendant counters that District Court procedures, such as the Bail Reform Act, apply in the Territorial Court, pursuant to Rule 7, only to the extent they are not contrary to local law. The Local Detention Statute, the argument continues, is contrary to the Bail Reform Act since it precludes detention here where permitted by the Bail Reform Act. Thus, the defendant concludes, the local statute controls.

■■ The defendant's contention is based on the old version of Rule 7 which provided in pertinent part:

> The practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

68

Terr. Ct. Rule 7 (Pre 1994 Amendment). However, the Bail Reform Act is applicable to the Territorial Court, not because of the general provision of Rule 7, but pursuant to the more specific Rule 141(b). Thus even old Rule 7 would not apply here. Further, the 1994 amendment to Rule 7, makes it clear that Territorial Court practice and procedure is governed first by Territorial Court Rules, and then by other specified rules to the extent not inconsistent with Territorial Court Rules.[3] Terr. Ct. Rule 7. The current rule thus requires this Court to apply Territorial Court Rule 141(b), i.e., the Bail Reform Act.

As previously explained, assault first degree is not a detainable offense under the Local Detention Statute, but is so pursuant to Rule 141(b). In light of the apparent conflict, this Court must examine the source of power to enact the Local Detention Statute and to prescribe Rule 141(b) to determine which one, if any, controls.

■ The legislative power to enact Section 3504a is derived from Section 8(a) of the 1954 Revised Organic Act. In pertinent part, the section provides:

(a) The legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with this Act or the laws of the United States made applicable to the Virgin Islands. . . . 48 U.S.C. 1574(a) (1954 Revised Organic Act, § 8(a)). This power which extends to "all rightful subjects of legislation" was intended to cover the ordinary area of sovereign legislative power. *Virgo Corporation v. Paiewonsky*, 384 F2d. 569, 579 (3d Cir. 1967). It would most naturally include the right to enact laws governing the practice and procedure in the Territorial Court.[4] The only limita-

---

[3] Current Rule 7 provides:
The practice and procedure in the Territorial Court shall be governed by the rules of the Territorial Court and, to the extent not inconsistent therewith, by the rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.
TERR. CT. R. 7.

[4] The Virgin Islands Legislature enacted numerous criminal laws of practice and procedure prior to 1984, when it received a specific grant of power to establish such laws. *See*, 48 U.S.C. 1611(c) (1954 Revised Organic Act, § 21(c) (Stating that rules governing practice

tion on such enactment is the Organic Act or any conflicting applicable federal law. *Id.* at 579. Here, there is no provision in the Organic Act contrary to the local statute.

■■ It may be argued though, that 18 U.S.C. 3141 et seq., i.e., the Bail Reform Act, is conflicting applicable federal law which renders the local Detention Statute void pursuant to Section 8(a). The statutes however, are not clearly inconsistent since the Bail Reform Act permits detention in every instance permitted by the local statute. Further, the limitation of applicable federal laws relates to "federal statutes applicable to the United States generally which, either by their own terms of by other legislation, are also made applicable to the Virgin Islands". *Id.* at 579. Although the Bail Reform Act is applicable to the United States generally, it is does not apply by its own terms to the Territorial Court. It applies, by its terms, only to persons charged with federal offenses. 18 U.S.C. 3142(a); 18 U.S.C. 3156(a)(2). Additionally, there is no congressional "legislation" which makes the Bail Reform Act applicable in the Territorial Court. It is applicable only by virtue of territorial court rule. The Act then, does not operate as a limitation on the locally enacted statute pursuant to Section 8(a). Accordingly, the Local Detention Statute is valid law enacted pursuant to power derived from the Organic Act.

■■ The Bail Reform Act now applies in the Territorial Court because this Court continued Rule 141(b) in effect on October 24, 1994. *In Re: Order Amending Rules of the Territorial Court of the Virgin Islands*, Misc. No. 81A/1994 (Terr. Ct. Oct. 14, 1994). The power to promulgate or continue the rule derives from Section 21(c) of the ORGANIC ACT. *See*, 48 U.S.C. 1611(c) (1954 REVISED ORGANIC ACT, § 21(c)) (Providing that the rules governing practice and procedure of the local courts shall be governed by local law or rules promulgated by local courts). Thus the powers of the legislature to enact the Local Detention Statute and of the Territorial Court to

and procedure in local courts shall be governed by local law or local court rules); *See also*, 5 V.I.C. 3502, 3503, 3520-3527, 3561, 3602, 3673, 3711, 3741, 4503-4509, 4601, 4612 (Sections under Subtitle 3, i.e., Criminal Procedure, which were added or amended by the Virgin Islands legislature prior to 1984). Those enactments could only have been made pursuant to the power vested by Section 8(a) of the Organic Act.

promulgate Rule 141(b), making the Bail Reform Act applicable, emanate from the identical source, i.e., the Organic Act.

▮▮▮▮ Section 21(c) of the Organic Act appears to grant equal power to the Territorial Court and the Legislature to establish rules of practice and procedure.[5] No restriction on either is mentioned in the section. This grant of power alone suggests that the Territorial Court may adopt rules inconsistent with legislative enactments. *See, Turbyfill v. International Harvester Company*, 486 F. Supp. 232, 236 (E.D. Michigan 1980) (concluding that constitutional grant of rule making power to Michigan Supreme Court included power to adopt rules inconsistent with legislative statutes); *See also*, 21 C.J.S. Courts § 127 (1990) (stating that "where there is constitutional authority to do so, a court may adopt rules inconsistent with legislative enactments".) Under these circumstances, the rules of practice and procedure whether established by the Territorial Court or the Legislature should be treated as if they were established by the same body. So treated, applicable law requires this Court to first attempt to reconcile the apparent conflict between the rule and the statute, before inferring an intent to repeal prior Section 3504a, since repeals by implication are not favored. *In Re Guardianship of Penn*, 15 F.3d 292, 295 (3d Cir. 1994); *Creque v. Luis*, 803 F.2d 92, 95 (3d Cir. 1986).

▮▮▮ ▮▮▮ The prior statute, i.e., the Local Detention Statute is entitled "Detention prior to trial (a) Who may be detained:". 5 V.I.C. 3504a(a). The purpose of the enactment was "to Provide for the Pretrial Detention of Persons Charged With Certain Crimes". 1982 V.I. Sess. Laws 59. The general focus of the legislation appears to have been on detaining dangerous offenders as opposed to requiring the release of non dangerous offenders. *See*, 5 V.I.C.

---

[5] The section reads in its entirety:

    (c) The rules governing the practice and procedure of the courts established by local law and those prescribing the qualifications and duties of the judges and officers thereof, oaths and bonds, and the times and places of holding Court shall be governed by local law or the rules promulgated by those courts.

48 U.S.C. 1611(c) (1954 REVISED ORGANIC ACT, § 21(c)). This section came into effect on October 5, 1984, subsequent to the enactment of 5 V.I.C. 3504a. Nevertheless it clearly indicates the intent to place the Territorial Court on par with the Legislature as regards the establishment of rules of practice and procedure.

3504a(a)(1) (listing first degree crimes of murder, rape, burglary, etc. as detainable offenses). The Bail Reform Act would permit the detention of persons charged with any of the "certain crimes" listed in 3504a(a)(1) since each of them can be classified as a crime of violence. 18 U.S.C. 3142(f)(1)(A); 5 V.I.C. 3504a(a)(1). The Act also permits the detention of anyone who obstructs justice as described in Section 3504a(a)(2). 18 U.S.C. 3142(f)(2). Therefore the purpose behind the enactment of the Local Detention Statute, ie., to detain, prior to trial, persons charged with "dangerous" crimes or who obstruct justice, is not frustrated by the application of Rule 141(b). This Court thus finds that both the rule and the statute are not repugnant and can be read consistently. Further, there is no clear and manifest intent to repeal the Local Detention Statute. *In Re Guardianship of Penn*, 15 F.3d at 295.

## CONCLUSION

For the foregoing reasons, this Court concludes that the 1984 Bail Reform Act and the Local Detention Statute are equally applicable to release proceedings in the Territorial Court, and that assault first degree is a detainable offense in the Territorial Court.[6]

---

[6]This Court further concludes that the government's motion for detention should be granted, and has issued a separate detention order dated April 20, 1995.