**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**KESHAWN C. MATTHEW, Defendant**

Case No. ST-07-CR-396

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 5, 2008

COURTNEY REESE, ESQUIRE, Assistant Attorney General, Department of Justice, St. Thomas, VI, *Counsel for Plaintiff.*

MICHAEL L. SHEESLEY, ESQUIRE, Kevin F. D'Amour, P.C., St. Thomas, VI, *Counsel for Defendant.*

CARROLL, *Judge*

## CORRECTED MEMORANDUM AND DETENTION ORDER

(June 5, 2008)

**THIS MATTER** came on for hearing on March 25, 2008, on the People's Motion for Detention of the Defendant, Keshawn Matthew, pending trial, and Defendant's Motion for Pretrial Release. The People of the Virgin Islands appeared through Courtney Reese, Esq., Assistant Attorney General, and the Defendant was present and represented by Michael Sheesley, Esq. For the reasons set forth below, the People's Motion for Pretrial Detention will be granted.

## BACKGROUND

Defendant Keshawn Matthew ("Matthew") is charged with attempted first degree murder and other crimes arising out of acts that allegedly occurred on January 2, 2007. Judge Leon Kendall issued a warrant for the arrest of Matthew on June 1, 2007, and set bail at $100,000. At Matthew's arraignment subsequent to his arrest on October 6, 2007, bail was maintained at $100,000. The People did not move for his pretrial detention at that time.

286

On February 28, 2008, defense counsel moved for the pre-trial release of Matthew, or for modification of his bail. At a hearing before this Court on March 14, 2008, the People opposed Matthew's motion and orally moved for detention of Matthew pursuant to the Federal Bail Reform Act, which is applicable to the Superior Court by virtue of Superior Court Rule 141(b). The Court asked the parties to submit briefs on an abbreviated schedule, also addressing the issue of whether the People had waived their right to seek pretrial detention by failing to file a motion for pretrial detention at Defendant's first appearance before the Court. The People's written motion was received on March 19, 2008, and defense counsel's opposition was submitted the following day, in advance of the detention hearing, which took place on March 25, 2008.

## DETENTION HEARING

At the detention hearing, the People relied on the testimony of Detective Jason Marsh ("Marsh") of the Virgin Islands Police Department, who testified about his investigation into a shooting that occurred on or about January 2, 2007. According to the victim of the shooting he was walking to the Lima Supermarket in the area of Bovoni. As he walked past an abandoned van, he noticed two men in the vicinity whom he recognized. One of the men was the Defendant, according to the victim, whom he knew by the nickname of "Criminal." After the victim went to Lima Supermarket, on his way back past the van, the two men approached him. The victim saw that both men were holding guns. According to the victim's statement, one of the men said to him, "What it is." A struggle ensued, in which the victim tried to wrestle the gun away from Matthew, at which point, according to the victim, Matthew shot the victim twice. The victim sustained two bullet wounds, one to the spine and one that collapsed his lung. Marsh testified that the victim is paralyzed from the waist down and confined to a wheelchair. No weapon was recovered.

Detective Marsh testified, and Matthew's sister confirmed, that Matthew is indeed known by the nickname "Criminal." From a photo array, the victim identified a photograph of Matthew as the man who had shot him. A warrant was issued for Matthew's arrest on June 1, 2007, but, apparently, Matthew was residing with his mother in Florida at the time. Matthew was arrested at Cyril King Airport on October 6, 2007. He had returned to St. Thomas to visit his sister, and he was attempting to board a flight back to Florida using his own birth certificate.

Testimony adduced at the hearing indicated that Matthew was born in St. Thomas, but, that he spent most of his childhood and young adult life alternating residences between St. Thomas and Florida, where all of his immediate family, except his sister, currently reside. Matthew attended but did not graduate from Eudora Kean High School, and he subsequently obtained his General Equivalency Diploma. Before he moved to Florida, Matthew did not have a regular job on St. Thomas, but he earned money from time to time by servicing automobiles. Matthew's prior criminal record consists of a single arrest in 2006 for possession of a controlled substance, with no known disposition of the case.

## DISCUSSION

The Bail Reform Act, 18 U.S.C. §§ 3141-3156, applies to the Superior Court pursuant to the specific provisions of SUPER. CT. RULE 141(b). *Government of the Virgin Islands v. Thomas*, 32 V.I. 64, 71 (Terr. Ct. 1995). Judges of the Superior Court are mandated by Rule 141 (b) to apply appropriate provisions of the Bail Reform Act in setting bail. *People v. Simmonds*, 48 V.I. 320, 322 (Super. Ct. 2007); *People v. Dowdye*, 48 V.I 47, 55 (Super. Ct. 2006) ("Rule 141(b) specifically incorporated the Federal Bail Reform Act where appropriate."). There is no direct conflict between the provisions of the Bail Reform Act and the local detention statute, V.I. CODE ANN. tit. 5, § 3504a (1997) ("section 3504a"); therefore, the two statutes can be read consistently. *Thomas*, 32 V.I. at 72.

Pursuant to the Bail Reform Act, a defendant can be detained in cases where an individual has been charged with a crime of violence. 18 U.S.C. § 3142(f)(1)(A) (Thomson West 2008). Attempted murder in the first degree is a "crime of violence" under the statute, because it is an offense that has as an element "the use, attempted use or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). The Court believes that the Government may properly move, pursuant to the Bail Reform Act, for pretrial detention of a defendant charged with attempted murder, even though the crime is not one of the "dangerous offenses" enumerated in section 3504a.

To the extent that the Appellate Division indicated otherwise in *Karpouzis v. Government of the Virgin Islands*, 961 F. Supp. 841, 36 V.I. 132 (D.V.I. 1997), the Court believes that it is not bound to apply this portion of the published decision. Specifically, the *Karpouzis* court stated

that "[o]nly persons charged with certain defined 'dangerous crimes' may be detained pretrial [in the Superior Court] under 5 V.I.C. § 3504a." *Id.* at 847. The defendant in *Karpouzis,* however, was charged with non-dangerous white collar crimes which were not subject to detention even under the Federal Bail Reform Act. Under these circumstances, the limitation of detainable offenses to only those specifically enumerated in section 3504a was *dictum,* not necessary to deciding the outcome of the case. *See In re McDonald,* 205 F.3d 606, 612 (3d Cir. 2000) (dictum is a statement "that could have been deleted without seriously impairing the analytical foundations of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it") (quoting *Sarnoff v. American Home Prods. Corp.,* 798 F.2d 1075, 1084 (7th Cir. 1986)).

As a result, *Karpouzis*'s language setting forth a limited view of detainable offenses is not binding on this Court. *See, e.g., Jama v. Immigration and Customs Enforcement,* 543 U.S. 335, 352 n. 12, 125 S. Ct. 694, 706, 160 L. Ed. 2d 708 (2005) ("Dictum settles nothing, even in the court that utters it."). Instead, the Court chooses to follow *Government of the Virgin Islands v. Thomas,* a case arising from facts more similar to the case at bar, in which Judge Andrews held that first-degree assault is a detainable offense in Superior Court because it qualifies as a "crime of violence" pursuant to the Bail Reform Act. *See* 32 V.I. at 71-72. Far from ignoring *Karpouzis,* however, the Court wishes to make clear that it embraces the actual holding by the Appellate Division. *Karpouzis* emphasizes that bail as a condition of release must be reasonable and within the financial means of the defendant; indeed, this is the true holding of the case. 961 F. Supp. at 850-51. *See also* 18 U.S.C. § 3142(c)(2) ("The judicial officer may not impose a financial condition that results in the pretrial detention of the person."). The Court will continue to follow this principle in setting bail for defendants, unless they are detainable under either section 3504a or the Bail Reform Act.

The Court further recognizes the presumption of bail for most criminal defendants that is inherent in the statutory framework. An interpretation under which the Court is required to apply both the holding and the *dictum* contained in *Karpouzis,* however, would present a significant dilemma regarding the pretrial detention of the accused. If violent offenses such as attempted murder and first-degree assault were not detainable offenses in Superior Court, then, adhering to the holding of

*Karpouzis* that bail may not be set in an amount beyond the defendant's financial means, the Court would be left with no choice but to automatically release defendants charged with these violent crimes back into the community. The Court cannot do so in good conscience where the record leads by clear and convincing evidence to the conclusion, pursuant to the Bail Reform Act, that there is no condition or combination of conditions that will reasonably assure the appearance of the accused as required, as well as the safety of any other person and the community. *See* 18 U.S.C. § 3142(e) (Thomson West 2008). This is the proper balance struck under Virgin Islands law, which permits the Bail Reform Act and the local detention statute to be read in concert. No decision that is binding on this Court, and in which the potential release of such a defendant was squarely presented, has held otherwise.

## A. Whether the People Waived Pretrial Detention

As a preliminary matter, the Court must determine whether the People waived their right to bring their motion for pretrial detention, because they failed to bring the motion upon Matthew's first appearance before this Court. The Court finds that, under the circumstances of this case, the People did not waive the right to seek detention of the Defendant.

■ The Bail Reform Act indicates that a detention hearing shall be held "immediately upon the person's first appearance before the judicial officer" in the absence of a continuance, which is not to exceed five days, on application of the defendant, or three days, on application of the prosecution. 18 U.S.C. § 3142(f) (Thomson West 2008). However, the United States Supreme Court has held that a failure to comply with the first appearance requirement does not defeat the Government's authority to seek detention of the defendant. *United States v. Montalvo-Murillo*, 495 U.S. 711, 717-18, 110 S. Ct. 2072, 109 L. Ed. 2d 720 (1990). *See also United States v. Joost*, 42 F.3d 1384 (unpublished), 1994 U.S. App. LEXIS 33564 at *7 (1st Cir. 1994) (denying release of detainee who alleged that his detention hearing was improperly postponed); *United States v. Randolph*, 205 F.3d 1342 (unpublished), 2000 U.S. App. LEXIS 788 at *21-22 (6th Cir. 2000) (asserted delay by trial court in conducting detention hearing constituted harmless error).

■ Here, counsel for the Government stated to the Court that the motion for pretrial detention was not brought in a timely fashion because his colleagues felt it was unnecessary—Matthew had been unable to make

bail and, consequently, was never subject to release. Therefore, although the Government was negligent in failing to timely move for pretrial detention, the Court cannot say that the Government's conduct was "aggravated or intentional," the type of conduct that would be beyond the type of circumstances considered by the Supreme Court in *Montalvo-Murillo. See* 495 U.S. at 721; *Joost*, 1994 U.S. App. LEXIS 33564 at \*9.

## B. The Court's Receipt of Hearsay Testimony at the Detention Hearing

■■ During the detention hearing, defense counsel raised the issue of whether it was appropriate for the Court to rely on certain hearsay testimony. Both the statute and relevant case law make it clear, however, that hearsay is permissible during a detention hearing. 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *see also United States v. Perry*, 788 F. 2d 100, 106 (3d Cir. 1986), *United States v. Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985).[1]

## C. Whether There Is a Condition or Combination of Conditions That Will Reasonably Assure the Safety of Any Other Person and the Community

Under the Bail Reform Act, a defendant can be detained in cases where he has been charged with a crime of violence. 18 U.S.C. § 3142(f)(1)(A) (Thomson West 2008).[2]

---

[1] Matthew's counsel asked the Court to rely upon the presumption of innocence in making the determination about his client's detainability. This argument is misplaced. The statute clearly provides that nothing in the applicable section "shall be considered as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j) (Thomson West 2008). However, if the Court finds by clear and convincing evidence that there are no conditions of release that will assure the attendance of the Defendant at trial and the safety of any other person or the community, the Court should detain the defendant. *Id.* § 3142(b), (e) & (f). Such a finding would not violate the presumption of innocence or the defendant's due process rights. *See Bell v. Wolfish*, 441 U.S. 520, 533, 99 S. Ct. 1861, 1870, 60 L. Ed. 2d 447 (1979). (presumption of innocence has no application to determination of rights of pretrial detainee during confinement before trial); *United States v. Salerno*, 481 U.S. 739, 748, 107 S. Ct. 2095, 2102, 95 L. Ed. 2d 697 (1987) (pretrial detention pursuant to Bail Reform Act held constitutional despite infringement on defendant's liberty interest).

[2] In fact, a rebuttable presumption arises that the defendant is detainable if the judicial officer finds probable cause to believe that the person committed an offense under section

At a detention hearing, the Court must evaluate the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a . . . firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g) (Thomson West 2008).

The Court concludes that under these Bail Reform Act provisions, Matthew must be detained. The Court must determine after a hearing pursuant to the Bail Reform Act whether there is any condition or combination of conditions that will assure "the appearance of the person as required and the safety of any other person or the community." 18 U.S.C. § 3142(f). The Court finds after a review of the facts presented at the Detention Hearing, that there is clear and convincing evidence that it cannot fashion conditions of release which will assure the safety of persons in the community. In making this determination, the Court cannot ignore the serious and deadly nature of the crime charged. The victim in this case is paralyzed from the waist down and is confined to a wheelchair as a result of his injuries.

Other persons in the community are also at risk of being injured by Matthew. Specifically, the Court has serious concerns about releasing Matthew back into the same community where the victim resides. The

---

924(c) of Title 18 of the United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed. 18 U.S.C. § 3142(e) (Thomson West 2008). Section 924(c) of Title 18 of the United States Code, in turn, refers to use of a firearm during the commission of a crime of violence, a crime essentially identical to those charged in Counts II, IV and VI of the Information in Matthew's case. *Compare* 18 U.S.C. § 924(c)(1)(A) *with* V.I. CODE ANN. tit. 14, § 2253(a).

victim's brother also is a potential witness, because he was in the vicinity of the shooting and the victim told him that it was Matthew who shot him. According to Detective Marsh, the victim's mother also expressed substantial fear of the Defendant. Although she is not a witness, she could be at risk as a member of the victim's immediate family. As a result, the Court cannot fashion conditions of release that will assure that members of the community would be safe in the event that Matthew is released.

■ Furthermore, the Court is not convinced that the third-party custodians offered by Matthew at the hearing would be sufficient. The first third-party custodian proffered by Matthew, an old friend of his family, did not appear capable of controlling Matthew. He questioned whether he would have to watch Matthew 24 hours a day, and stated that Matthew "is a full grown man," indicating a reluctance to discipline him. Matthew's sister, the second third-party custodian proffered by the Defendant, also does not appear to be a sufficient third-party custodian. She admitted that she is away from home working most of the day, and would find it difficult to monitor Matthew during that time period. The Court requires proffered third-party custodians to embrace their duties in a more positive way, and these individuals did not appear capable of fulfilling the role, particularly in light of the danger posed to the victim in this case.

The Court does not make a finding that Matthew presents a serious risk of flight. The time period of incarceration that he faces on these serious charges, along with the lack of significant family ties to St. Thomas other than his sister, is insufficient to establish that he is a flight risk. It is true that he travels back and forth to Florida on occasion, but the Court could have fashioned conditions—including surrender of his travel documents—that would have reasonably assured Matthew's appearance at future proceedings.

Because the Court concludes that Matthew must be detained under the provisions of the Bail Reform Act, it is hereby

**ORDERED** that the People's Motion for Pretrial Detention is **GRANTED**; and it is further

**ORDERED** that the Defendant be committed to the custody of the Virgin Islands Bureau of Corrections pending trial for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and that the Virgin Islands Bureau of

Corrections deliver the Defendant to the Court for any appearance in connection with a court proceeding; and it is further

**ORDERED** that a copy of this corrected Memorandum and Order shall be served personally upon the Defendant, Keshawn Matthew, and a copy thereof directed to Courtney Reese, Esq., Assistant Attorney General, and Michael Sheesley, Esq., counsel for Defendant.