# ROBERTO SMALLS, Appellant

### v.

# GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

District Court Crim. No. 94-210
Territorial Court Crim. No. F12-94

District Court of the Virgin Islands
Div. of St. Thomas and St. John

May 11, 1994

VICTOR G. SCHNEIDER, ESQ., (TERRITORIAL PUBLIC DEFENDER), St. Thomas, V.I., *for Appellant*

PAMELA LYNN WOOD, ESQ., (V.I. DEPARTMENT OF JUSTICE), Asst. Attorney General, St. Thomas, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; GILES, *Judge* of the United States District Court for the Eastern District

of Pennsylvania, Sitting by Designation; and BRADY, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

## OPINION OF THE COURT

Appellant contends that the Territorial Court Judge erred in denying him pretrial release. For the reasons set forth below, this Court will affirm the Territorial Court's Order dated February 8, 1994.

## FACTUAL BACKGROUND

On January 9, 1994, appellant Smalls allegedly killed one individual and assaulted another with intent to kill in a drive-by shooting at a truck containing several individuals. Appellant was injured while being pursued and eventually captured. The Government charged appellant with first degree murder, assault in the first degree, and unauthorized possession of a firearm, in violation of V.I. Code Ann. tit 14, §§ 921 and 922(a)(1), § 295(1), and § 2253, respectively. Bail was set in the amount of $200,000 after appellant pled not guilty to the charges. The Government moved to have appellant held without bail and appellant moved for release upon the posting of ten percent of the set bail. After receiving briefs and conducting a detention hearing, the Territorial Court granted the Government's motion for pretrial detention. This appeal ensued.

## DISCUSSION

■ The trial court appears to have applied both the local statute and the federal Bail Reform Act of 1984 governing release and detention. We hold that the Virgin Islands provision controls prosecutions in the Territorial Court.[1] V.I. Code Ann. tit. 5, § 3504a permits pretrial detention for individuals charged with first degree murder if certain conditions are first established:

(a) Who may be detained:

---

[1] The Bail Reform Act of 1984 provides guidance, but its application is not required, in construing whether pretrial detention is warranted. See Terr. Ct. R. 141(b); see also 18 U.S.C. 3141–51. We find no error in the judge's references to both local and federal statute. See Government of the Virgin Islands v. O'Flaherty, St. T. Crim. No. 1990-239(B) (D.V.I. Jan. 25, 1991) (reaching the same conclusion).

(1) Dangerous crime. A person charged with *murder in the first degree*, . . . may by order of the court be detained upon a hearing . . . prior to trial if the government certifies by motion that, based on the person's pattern of behavior consisting of his past and present conduct, the nature and circumstances of the offense charged, the weight of the evidence presented, his family ties, employment, financial resources, character and mental condition, length of residence in the community, record of convictions, and any other record of appearance at court proceedings, flight to avoid prosecution or failure to appear at court proceedings, there is no one condition or combination of conditions which will reasonably assure the safety of the community or, particularly in the case of a person charged with drug trafficking, that the person charged will appear for trial. (emphasis added)

Subsection (c) states:

(c) Issuance of an order of detention: No order of detention shall be issued upon a hearing under subsection (b) unless the court finds (1) that there is clear and convincing evidence that the person is a person described in subsection (a); (2) that there is no one or combined conditions which will reasonably assure the safety of any other person or the community or . . . that the person charged will appear for trial; and (3) that . . . on the basis of information by proffer or otherwise there is a substantial probability that the person committed the offense for which he is present before the court. An order of detention shall be accompanied by written findings of facts and the reasons for its entry.

Pursuant to section 3504a(b)(3), information may be considered by proffer, and the rules of evidence do not apply.[2] The burden of proof is on the government to prove by clear and convincing evidence that not only is the defendant a person described in subsection (a), as explicitly stated in section 3504a(c)(1), but also that no conditions would otherwise ensure the safety of the community or

---

[2] Subsection (b) outlines that a pretrial detention hearing may be initiated before or after release immediately following a motion by the Government. The detainee has a right to counsel, may "present information by proffer or otherwise," and has the right to testify and present witnesses. "Rules pertaining to the admissibility of evidene in a court of law need not be followed."

that the person charged will not flee pursuant to section 3504a(c)(2).[3] Subsection (c)(3) contains its own standard of proof of substantial probability that the defendant committed the offenses.

Since appellant challenges the sufficiency of the evidence, we review the judge's findings de novo to determine if this standard was met. In so doing, we adopt the standard for appellate review of district court release or detention orders.[4] While we are not free to ignore the trial court's reasoning, we may amend or reverse a detention or release decision, if our review of the record compels a different result.

## Appellant is person who may be detained

Beginning with section 3504a(c)(1), we first examine whether clear and convincing evidence exists that Smalls is an individual who may be detained pursuant to section 3504a(a)(1) by examining appellant's pattern of behavior. The first cognizable factor, appellant's past and present conduct, is evidenced by his frequent non-appearances in several pending felony prosecutions, indicating that flight is a realistic possibility. Appellant had no less than three pending criminal matters against him alleging violent assaults on others which continue to be pending due to his repeated failures to appear.[5] Joint Appendix ("J.A.") at 21, 50, 62, 69–73, 150–68, 306–09.

The second factor of section 3504a(a)(1) refers to the nature and circumstances of the offense for which Smalls is charged. Murder in the first degree carries a life sentence upon conviction.[6] As noted

---

[3] This construction of section 3504a(c)(1) and (c)(2) is consistent with the Bail Reform Act. 18 U.S.C. 3142(f).

[4] See United States v. Delker, 757 F.2d 1390, 1399 (3d Cir. 1985) (reviewing among other things, the legislative history regarding Rule 9(a) and the Bail Reform Act of 1984 regarding the applicable standard of review); see also United States v. Provenzano, 605 F.2d 85 (3d Cir 1979) (adopted in Delker and articulating the same standard for a matter involving release during appeal of conviction).

[5] Appellant's sole previous conviction is for simple assault. Not included in the list of pending cases is a disputed drug and firearms matter; a shooting in which appellant states that another individual, Carl Johnson, was charged; and a possible conviction in Florida that was not confirmed on the record. Joint Appendix ("J.A.") at 50, 80, 129, 156, & 206.

[6] The other charges against appellant are also serious in nature. Assault in the first

by the trial judge, appellant's potential punishment if convicted is severe, and provides additional inducement for pretrial flight. J.A. at 314. Furthermore, the Government's proffer indicates that Smalls opened fire on a truck full of people in a crowded area. This Court cannot ignore the Government's allegation of reckless disregard that is further supported in an analysis of the third factor, the weight of the evidence against appellant, which the trial court found to be a compelling reason for pretrial detention.[7]

Fourth, the Territorial Court examined appellant's family ties. Appellant has lived most of his life with his mother, who testified on his behalf at the detention hearing. The record reflects that she has been totally ineffective as his third party custodian and that she can exert no control over appellant.[8]

The fifth and sixth factors, employment and financial resources, reveal appellant's poor financial state. Smalls, 23, is unemployed and has little or no financial resources.[9] The lower court refrained from analyzing appellant's character and mental condition since no evidence was proffered other than conduct referred to in the first factor of section 3504a(a)(1). J.A. at 316. Smalls' length of residence in the community is the eighth factor under review pursuant to section 3504a(a)(1). Except for one year in a Mississippi school, and a brief career in professional baseball, appellant has resided in St. Thomas all his life. J.A. at 89–90.

The next factor under consideration, appellant's record of convictions, reveals that although the Government only demonstrated that Smalls was convicted of simple assault, the tenth factor, his record of appearance at court proceedings is dismal.[10] As previ-

---

degree carries up to 15 years imprisonment, and unauthorized possession of a firearm could carry a minimum five year jail term.

[7] See infra (discussing section 3504a(c)(3) that based on the information, there is a substantial probability that Smalls committed the offenses for which he is charged).

[8] Although appellant's mother could not remember, the record indicates that at a time she was acting as his third party custodian, probable cause was established to show he committed offenses while on release. J.A. at 195, 211, 307–08. In each of the pending cases against appellant, the record shows that he failed to appear at virtually all court appointments after being released on bail. J.A. at 306–10.

[9] The office of the Territorial Public Defender was appointed to represent Smalls based on appellant's financial inability to retain legal counsel. J.A. at 315.

[10] See supra note 5.

ously noted, if not for Smalls' failure to appear at those proceedings, the prosecutions would have been resolved with acquittals or additional convictions. J.A. at 316–17. The Territorial Court found that no condition or combination of conditions would reasonably assure the safety of the community or that Smalls would appear for trial.[11]

No conditions will reasonably assure community safety or appellant's appearance at trial

We have analyzed the trial court's findings pursuant to Section 3504a(c)(1) and find no error. In conjunction with the evaluation pursuant to subsection (a)(1), the judge dedicated most of discussion to the factors articulated above to find that the danger to the community combined with the risk of flight could not be avoided by any conditions that would simultaneously permit appellant's release. J.A. at 20–23, 317–20.

■ Subsection (c)(2) prohibits detention if any conditions would reasonably assure the safety of the community or that Smalls would appear for trial. If released, appellant offered to abide by restrictions imposed on him by the court. J.A. at 45. His mother offered to act as third party custodian responsible for appellant's behavior and court appearances. As noted above, however, she has been unable to fulfill those commitments in the past, and no new conditions convinced the Territorial Court that this circumstance would improve.[12] In addition, appellant was charged with several crimes while on pretrial release for which probable cause was found. We therefore find no error in the Territorial Court's assessment that no conditions would assure the safety of the community or appellant's appearance for trial.

Substantial probability that appellee committed charged offenses

■ Finally, section 3504a(c)(3) requires a finding that Smalls committed the crimes for which he is charged. Even though subsection (c)(3) only required proof of a substantial probability, the trial court found clear and convincing evidence that Smalls was the

---

[11] See infra and J.A. at 317–20.
[12] See supra.

perpetrator of the offenses charged.[13] The shooting occurred in a crowded, well-lighted area, and the Government proffered that it had at least two eye-witnesses, one of whom has known appellant for years, who positively identified Smalis as the perpetrator. J.A. at 21, 131, 314. Even after being apprehended and wounded, appellant fled and attempted to hide from the authorities rather than surrender. We find no error in the trial court's findings on this third requirement.

## CONCLUSION

Based on the foregoing review and analysis, we find no error in the Territorial Court's decision to detain appellant prior to trial based on the proof that no condition or combination of conditions will reasonably assure the safety of the community or ensure that appellant will appear for trial. For this reason, the Territorial Court's Order dated February 8, 1994 is affirmed, and this matter is remanded for expedited trial. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 11th day of May, 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Order dated February 8, 1994 detaining the defendant is AFFIRMED.

---

[13] See United States v. Powers, 622 F.2d 317, 323 (8th Cir. 1980) (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 445 (1979) and emphasizing that the 'clear and convincing' standard is more stringent than 'substantial probability').