**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**vs.**
**BASHEEM CAMAL FORD and JERMAINE S. PARIS, Defendants**

Criminal Nos. 76/2008, 109/2008

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 4, 2008

270

271

JESSE M. BETHEL, Assistant Attorney General, V.I. Department of Justice, St. Thomas, V.I., *Counsel for the People*.

STEVEN HOGROIAN, ESQUIRE, Kotas and Hogroian, P.C., St. John, *Counsel for Defendant*.

KENDALL, *Judge*

## MEMORANDUM OPINION

(June 4, 2008)

**THIS MATTER** is before the Court on Defendant, Basheem Ford's, "Motion to Set Bail" and the People's Opposition thereto. Based upon the reasons set forth below, the Motion will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2007, at approximately 1:20 p.m., a homicide occurred in the vicinity of Hospital Ground, near No. 15 Bjerge Gade, St. Thomas, Virgin Islands. The victim of the homicide was Police Officer Ariel Frett. The Medical Examiner who performed the autopsy on the victim determined that the cause of his death was multiple gunshot wounds to the body.

Detective Mario Stout was assigned to investigate the case. Several witnesses, including a police officer, allege that after an altercation between Defendants and the victim, Defendant Ford shot the victim

multiple times while the victim was lying on the ground. Defendant Ford was later arrested in connection with the shooting.

At the time of the incident, Defendant Ford was seventeen (17) years of age. Not having reached the age of majority, this matter was first assigned to the Juvenile Division of the Family Court. On January 29, 2008, pursuant to Title 5 V.I.C. § 2508(b)(4), the Family Court Judge transferred Defendant to the Criminal Division of the Superior Court, since the alleged offenses include Murder in the First Degree and Possession of a Dangerous Weapon during the Commission of a Crime of Violence, which would be felonies if committed by an adult.

Thereafter, Defendant was committed to the custody of the Commissioner of the Department of Human Services to be placed at the Youth Rehabilitation Center pending a detention hearing to be scheduled by the Criminal Division. *See* Order Granting Transfer, Jan. 29, 2008 at 2. The Family Court also ordered that upon his transfer, Defendant would be committed to the custody of the Commissioner of the Department of Human Services and placed in the Youth Rehabilitation Center pending a detention hearing. *Id.*

On January 30, 2008, a Thirteen (13) Count Information was filed against Defendant, including One (1) Count of First Degree Murder in violation of Title 14 V.I.C. §§ 921, 922(a)(1). On January 31, 2008, an arrest warrant was issued for Defendant by Judge James Carroll and executed on February 18, 2008. No bail was set on the warrant, however, the word "Detained" appears thereon.

On February 19, 2008, Defendant appeared before Judge Francis J. D'Eramo, where he was advised of his rights and, presumably, based upon the warrant's mandate, he was remanded back to the Bureau of Corrections, Golden Grove Correctional Facility in St. Croix, USVI. *See* Record of Proceedings, Feb. 19, 2008 at 2. No explanation for Defendant's remand appears in the Record of Proceedings. *Id.* On February 28, 2008, Defendant was arraigned and ordered detained, without a detention hearing, by Judge Michael C. Dunston.

On May 6, 2008, almost three (3) months after Defendant was initially detained, he filed his "Motion to Set Bail." He contended that bail conditions were never set by the Court. He requested that bail be set in the amount of One Thousand Dollars ($1,000.00) unsecured bond and that he be released into the third party custody of his mother.

273

On May 12, 2008 the matter came on for Pretrial Conference, at which time, the Court heard the "Motion to Set Bail." The People represented to the Court that they did not oppose the Motion and deferred to the Court the setting of an appropriate bail. *See* Transcript at 17. At the conclusion of the hearing, the Court gave the People an opportunity to set forth their position in writing, including the bail conditions they deemed appropriate.

In compliance with the Court's directive, the People, notwithstanding their oral representation to the Court during the hearing, filed their "Opposition to Defendant's Motion for Release on an Unsecured $1,000 Bond," contending that Defendant's Motion should be denied and bail should be set in the amount of Two Hundred Thousand Dollars ($200,000.00) with no ten percent (10%) reduction. The People alternatively requested that if the Motion is granted or bail set in an amount other than that requested by the People, that Defendant be ordered to: (a) submit his travel documents to the Court; (b) submit to electronic monitoring; (c) submit to house arrest; and (d) submit to any imposition of any other condition of release that the Court deems necessary to protect the community and to ensure the presence of Defendant at future hearings.

## DISCUSSION

### A. Defendant's continuing detention is illegal

Over the course of his ongoing detention, Defendant has appeared before three (3) judges of this Court. However, there is nothing in the record indicating the law under which Defendant is being detained. Although my colleagues have failed to enunciate their authority for detaining Defendant, he is clearly not being detained pursuant to the substantive pre-trial detention law of the Virgin Islands, i.e., Title 5 V.I.C. § 3504a.[1]

---

[1] Section 3504a provides in pertinent part:

A person charged with murder in the first degree . . . may *by order of the court be detained upon a hearing* as provided in subsection (b) prior to trial *if the government certifies by motion* that, based on the person's pattern of behavior consisting of his past and present conduct, the nature and circumstances of the offense charged, the weight of the evidence presented, his family ties, employment, financial resources, character and mental condition, length of residence in the community, record of convictions, and any record of appearance at court proceedings, flight to avoid prosecution or failure to appear at court proceedings,

The Appellate Courts in this jurisdiction have repeatedly recognized that the statute which governs the pre-trial detention of defendants is Title 5 V.I.C. § 3504a. *See Karpouzis v. Government of Virgin Islands*, 961 F. Supp. 841, 36 V.I. 132 (D.V.I. 1997) (*stating* that persons charged with Virgin Islands offenses in the [Superior] Court who can be detained before trial . . . are particularly and narrowly limited under the substantive law of the Virgin Islands. Only persons charged with certain defined 'dangerous crimes' may be detained pre-trial under 5 V.I.C. § 3504a.); *Smalls v. Government of the Virgin Islands*, 30 V.I. 82, 83 (D.V.I. 1994) (*holding* that the Virgin Islands pre-trial detention statute controls prosecutions in the [Superior] Court).

■ The only "motion" filed by the People concerning Defendant's bail status was their "Opposition" to Defendant's "Motion to Set Bail," filed with the Court on May 14, 2008. Despite the lack of any motion by the People to detain Defendant pre-trial as required by law, Defendant has been detained since his arrest on February 18, 2008. Title 5 V.I.C. § 3504a clearly provides that any Defendant charged with a "dangerous" crime may be detained, but such detention is only permissible upon the satisfaction of specific conditions precedent, including a certified motion by the People and a hearing thereon by the Court. *Id.* Despite being charged with "dangerous" offenses as defined in Title 5 V.I.C. § 3504a, nothing in the record in this case points to any compliance with any provision of this law to justify Defendant's detention. Accordingly, Defendant's pre-trial detention is illegal.

Furthermore, assuming its applicability, the record is also devoid of any compliance with the conditions precedent specified in the detention provision of the Federal Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*) ("BRA"), including similar requirements for a detention hearing, upon motion by the People. See 18 U.S.C. § 3142(e)-(f).[2] Thus, Defendant is not being detained pursuant to the BRA either.

---

there is no one condition or combination of conditions which will reasonably assure the safety of the community or . . . that the person charged will appear for trial. §3504a(a). (Emphasis added).

[2] This Court rejects the view held by some of my colleagues that the detention provision of the BRA authorizes the pre-trial detention of Defendants charged with Virgin Islands offenses. *See* discussion of Title 5 V.I.C. § 3504a, § A, *supra*; *see also* discussion of BRA, § C, *infra*.

## B. The Revised Organic Act, as amended, does not authorize pre-trial detention of persons charged with First Degree Murder

■ Despite the absence of any reason why Defendant remains detained pending trial, it appears that reliance was placed on Section 3 of the Revised Organic Act, as amended, 48 U.S.C. § 1561[3], which seemingly allows the Court to detain one accused of First Degree Murder, *sua sponte*, "when the proof of guilt is evident or presumption is great." *See People of the Virgin Islands v. Dowdye*, 48 V.I. 47 (Super. Ct. 2006) (*holding* that where a defendant is charged with First Degree Murder and the proof of his guilt is evident or the presumption is great, bail must be denied pursuant to Section 3 of the Revised Organic Act of 1954, as amended); *People v. Matthew*, 49 V.I. 285 (Super. Ct. 2008)[4]. This Court, however, reiterates its position, enunciated in *People v. Kamal Thomas*, 49 V.I. 151 (Super. Ct. 2007), that Section 3 of the Revised Organic Act, as amended, 48 U.S.C. § 1561, has been interpreted by the United States Court of Appeals for the Third Circuit as not precluding the setting of bail for persons charged with First Degree Murder in the Territory. *See also Government of the Virgin Islands v. Ortiz*, 427 F.2d 1043, 7 V.I. 521 (3d

---

[3] The statute provides in part:

"All persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first-degree murder or any capital offense when the proof is evident or the presumption great."

[4] In *Matthew*, 49, V.I. 285 (Super. Ct. 2008), the Court relied on *Government of the Virgin Islands v. Leander Thomas*, 32 V.I. 64 (Terr. Ct. 1995) for the proposition that Title 5 V.I.C. § 3504a and the pre-trial detention provision of the BRA "are not repugnant and could be read consistently, [thus both] are equally applicable to release proceedings in the [Superior] Court." *Leander Thomas*, at 72. *Leander Thomas* was decided on the false premise that "all" provisions, rather than "appropriate" provisions of the BRA are applicable in the Superior Court. Moreover, the rationale of *Leander Thomas* was clearly rejected by *Karpouzis*, decided after *Leander Thomas*, because, as noted heretofore, Title 5 V.I.C. § 3504a is the *substantive* law of the Territory with respect to pre-trial detention. Had the Virgin Islands Legislature intended the procedural pre-trial detention provision of the BRA to be part of the Territory's substantive law with respect thereto, it would have said so rather than create ambiguity, confusion and duplication by permitting both a substantive law and a procedural rule not promulgated pursuant thereto to govern pre-trial detention. Accordingly, both *Matthew* and *Leander Thomas* are of questionable legal efficacy to the extent they recognized "Attempted First Degree Murder" and "First Degree Assault" respectively, both "non-dangerous" offenses pursuant to Title 5 V.I.C. § 3504a, as detainable offenses based upon the BRA's pre-trial detention provision.

Cir. 1970)[5]. To the extent *Dowdye, supra,* and *Matthew, supra,* decisions of the Virgin Islands Superior Court, effectively overrule *Ortiz, supra,* and *Smalls, supra,* decisions of Appellate Courts of this Territory, they are of questionable legal efficacy and cannot be relied upon to detain Defendant pre-trial. Accordingly, they must be rejected.

## C. Defendant cannot be detained pre-trial pursuant to the Bail Reform Act, because its pre-trial detention provision is not the substantive law of the Virgin Islands

### "Appropriate" does not mean "all"

During the hearing on the Motion, the People cited the BRA as authority to detain Defendant pre-trial. *See* Transcript at 18. Despite the apparent willingness of other Judges of this Court to apply the "detention provision" of the BRA to detain pre-trial individuals accused of local crimes, that provision is inapplicable with respect to such detention because it is not the substantive law of the Territory.

The BRA has been expressly incorporated into the Rules of this Court by Superior Court Rule 141(b), which states:

> "[w]henever a person charged with an offense is before a judge of this court for *release on bail* prior to trial, pursuant to these rules, the judge shall, in considering the release of such person, be *guided* by and apply *the appropriate provisions* of The Bail Reform Act . . . which Act is by this reference incorporated into and made part of these rules."

(internal citations omitted) (emphasis added).

As a simple matter of statutory construction, it is axiomatic that the BRA is not applicable in the Virgin Islands in its entirety. "It is well settled that the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *U.S. v. Cooper,* 396 F.3d 308, 310

---

[5] In *Ortiz,* Appellant Ortiz was held without bail after being charged in the District Court with First Degree Murder, in violation of Title 14 V.I.C. § 922(a)(1). The Third Circuit held, *inter alia,* that First Degree Murder was a bailable offense under Virgin Islands law because it is not punishable by death, i.e., it is a non-capital offense, and that amended Section 1561 of Title 48 of the United States Code, did not repeal the BRA insofar as it applied to First Degree Murder cases in the Virgin Islands.

(3d Cir. 2005) (internal quotations omitted). The plain language of SUPER. CT. R. 141(b) states that only "the appropriate provisions" of the BRA should be applied in guiding the Court when considering release on bail. *Id.* Moreover, "[i]t is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous." *Cooper*, 396 F.3d at 312 (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 449 151 L. Ed. 2d 339 (2001)). Applying the BRA in its entirety would render the phrase "apply the appropriate provisions," superfluous, void, or insignificant. Thus, it is clear, based upon the most fundamental principles of statutory construction, that the BRA is not applicable in its entirety in the Superior Court.

■ Furthermore, the United States Court of Appeals for the Third Circuit has previously held that "the Doctrine of Separation of Powers applies with respect to the coordinate branches of government in the Virgin Islands." *In re Richards*, 213 F.3d 773, 783, 42 V.I. 469 (3d Cir. 2000) (quoting *Smith v. Magras*, 124 F.3d 457, 465, 37 V.I. 464 (3d Cir. 1997)). "It naturally follows that the Territorial Court cannot exercise legislative powers." *Id.* "Even if it could, the Virgin Islands legislature has not ceded any of its substantive lawmaking power to the Territorial Court." *Id.* Accordingly, the Superior Court does not have the authority, through Rule 141(b), to usurp the authority of the legislature and enact either a substantive rule or law with respect to the detention of accused individuals in the Territory, especially where, as here, the Virgin Islands Legislature has enacted such a law. *See* Title 5 V.I.C. § 3504a; *see also Karpouzis*, 961 F. Supp. at 849 ("[t]he BRA is just a guide and its pretrial detention provisions are not the substantive law of the Virgin Islands.").

■ Moreover, in drafting Rule 141(b) the Superior Court was certainly familiar with the word "all." Had it intended that "all" provisions of the BRA shall apply in setting bail in the Court, it would have said so. Clearly, by utilizing the word "appropriate," the Court intended to restrict the applicability of the BRA to the setting of bail in cases other than those for which Virgin Islands substantive law applies, i.e., pre-trial detention. Accordingly, because the BRA's pre-trial detention provision is an "inappropriate" provision pursuant to Rule 141(b), its use in detaining persons pre-trial in the Superior Court violates both that Rule and Title 5 V.I.C. § 3504a and is therefore improper and illegal.

278

## D. The detention of Defendant violates the Fourteenth Amendment to the United States Constitution

 "Pretrial detention implicates a liberty interest and thus may not be imposed contrary to the mandates of procedural due process." *United States v. Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972)). Under a due process analysis, the Court must determine whether the state has impermissibly affected an individual's liberty interest in an arbitrary fashion. Government conduct depriving a person of life, liberty, or property must be implemented in a fair manner. *Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 2101, 95 L. Ed. 2d 697 (1987). "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363 (1914).

Even though neither the Virgin Islands substantive law nor the BRA appear to have been relied upon in detaining Defendant prior to trial, both statutes mandate numerous procedural safeguards to ensure that Defendants are not deprived of their liberty without due process of the law. Both statutes require that the accused be brought before the Court or other judicial officer for a hearing, initiated by the Government, to determine whether the accused may be detained pending trial and that the Court issue a detention Order setting forth findings of fact and reasons for the detention. 5 V.I.C. § 3504a (a)-(c); 18 U.S.C. § 3142(e), (f), (i).

Based upon a review of the record, herein, it appears that my colleagues, on their own motion, found that the detention of the Defendant was appropriate in this matter, without first according him a detention hearing. Specifically, at the preliminary stages of this matter, Defendant was simply advised of his rights, arraigned and subsequently remanded to the Bureau of Corrections. *See* Record of Proceedings, Feb. 19, 2008 at 2; *see also* Record of Proceedings Feb. 28, 2008. As noted heretofore, the record is devoid of any evidence indicating that the People ever moved for Defendant's detention, or that he was accorded a hearing as required by Title 5 V.I.C. § 3504a (b)(1). Nor does the record contain any Order setting forth findings of fact and the reasons for Defendant's detention as required. Clearly, it does not appear that there was any adherence to any of the procedures set forth in Title 5 V.I.C. § 3504a (b) prior to detaining Defendant.

██ In the absence of any motion by the People to detain Defendant pre-trial and a hearing of that motion by the Court, Defendant's current

detention is arbitrary and capricious and thus in violation of his right to due process of the law.

### E. Defendant's release on bail is mandated in the absence of his lawful pre-trial detention

As noted heretofore, the People never sought to detain Defendant pre-trial, thus his release on bail is mandated pursuant to Rule 141 (b) of the Rules of this Court, which mandates that in setting bail, Judges of this Court shall be guided by and apply appropriate provisions of the BRA. This Court will thus be guided by and apply the appropriate provisions of the BRA in deciding Defendant's Motion to be released on bail.

■ It is settled that the purpose of bail is not to punish the Defendant before he is tried and convicted, but simply to ensure his appearance at trial and submission to the judgment of the Court. *Bandy v. United States*, 81 S. Ct. 197, 5 L. Ed. 2d 218 (1960). As noted by the Supreme Court in *Stack v. Boyle*, 342 U.S. 1, 7-8, 72 S. Ct. 1, 5, 96 L. Ed. 3 (1951)):

> "The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. On the contrary, the spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense."

*Stack*, 342 U.S. at 7-8 (Jackson, J., concurring) (internal citations and quotes omitted).

> "Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning."

*Stack*, 342 U.S. at 4.

Section 3142(b) of the BRA mandates that upon the appearance before a Judge of a person charged with a crime, the Judge shall order the person's release on his own personal recognizance or unsecured bond unless the Judge determines that the person is a risk of flight or danger to the community. *Id.* If the Judge determines that the person is not eligible

for such release, then the Judge is mandated to order the person's pre-trial release "subject to the least restrictive condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any person and the community. . . ." 18 U.S.C. § 3142(c)(1)(B).[6]

### Defendant is eligible for release on his unsecured bond

During the hearing on Defendant's Motion, the Court examined him under oath, subject to the penalties of perjury, to determine his eligibility for release as required by 18 U.S.C. § 3142(b). Specifically, the Court questioned Defendant about his ties to the community, his criminal history, his employment and other matters with respect to determining his risk of flight or danger to the community. The People were given the opportunity to cross-examine the Defendant.

Based upon the Defendant's testimony, the Court finds that: Defendant was born on St. Thomas; he is eighteen (18) years old; he has lived in the Territory for his entire life; both his mother and father, a police officer, and two (2) siblings, live in the Territory; he has never been previously arrested and convicted of a crime as an adult and as such has never failed to appear when ordered to do so, and he has a General Equivalency Diploma. Based on these factors, Defendant clearly has substantial ties to the community.

██ Despite his substantial ties to the community, however, inasmuch as the penalty for First Degree Murder alone is life imprisonment, Defendant faces that penalty plus more if he is convicted of the offenses charged. It is settled that the incentive to flee by a defendant faced with

---

[6] Such conditions include, but are not limited to: remand into the custody of a designated person; maintenance of employment, or, if unemployed, actively seek employment; maintenance or commencement of an educational program; the condition that the person abide by specified restrictions on personal associations, place of abode, or travel; avoidance of all contact with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; comply with a specified curfew; refrain from possessing any dangerous weapon; refrain from excessive use of alcohol, or any use of a narcotic drug; undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose; execution an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value; execution a bail bond with solvent sureties; and return to custody for specified hours following release for employment, schooling, or other limited purposes. 18 U.S.C. § 3142(c).

such penalties increases exponentially. *See People v. Camacho*, 47 V.I. 302, 309 (Super. Ct. 2005); *United States v. Hollender*, 162 F. Supp. 2d 261, 264 (S.D.N.Y. 2001). Even though this incentive could arguably be deemed to be present with respect to Defendant, it is also axiomatic that:

> "[a]dmission to bail always involves the risk that the accused will take flight. That is a calculated risk which the law takes as the price for our system of justice."

*Stack*, 342 U.S. at 8, 72 S. Ct. at 5.

When balanced against his substantial community ties, his age, his lack of criminal history and the inherent risk of flight, this Court is not convinced that the substantial penalties facing Defendant, if convicted, militates against a finding that he does not pose a risk of flight.

With respect to Defendant's danger to the community, Defendant is clearly charged with "dangerous" crimes as defined in Title 5 V.I.C. § 3504a. However, given his age and lack of any prior criminal history as an adult, the death of the victim, and absence in the record of any history of mental illness, it does not appear that Defendant, even though charged with dangerous crimes for which he is presumed innocent, could be deemed to pose a danger to the victim or community.

█ Based upon the foregoing, Defendant is eligible to be released on his personal recognizance or unsecured bond pursuant to 18 U.S.C. § 3142(b).

### F. The posting of bail in the amount of Two Hundred Thousand Dollars ($200,000.00) cash as recommended by the People is excessive in violation of the Eighth Amendment to the United States Constitution

Notwithstanding Defendant's eligibility for release pursuant to 18 U.S.C. § 3142(b), assuming, *arguendo*, such release is not available to him, this Court must order his release on the least restrictive condition or combination of conditions that would assure his appearance for trial. 18 U.S.C. § 3142(c). Such conditions, however, cannot include excessive bail.

█ █ The Eighth Amendment to the United States Constitution provides that "excessive bail shall not be required. . . ." In *Stack v. Boyle, supra*, the United States Supreme Court held, *inter alia*, that bail set at a higher figure than an amount reasonably calculated to fulfill the purpose

of assuring that the accused will stand trial and submit to sentence if found guilty is excessive under the Eighth Amendment. *Stack v. Boyle*, 342 U.S. at 4. The amount of Two Hundred Thousand Dollars ($200,000.00) cash bail recommended by the People cannot reasonably be deemed to be calculated to assure Defendant's appearance at trial. Specifically, there is no guarantee that, assuming his ability to post that amount, Defendant faced with the possibility of spending the remainder of his life in jail if convicted, might deem his freedom to be worth much more than Two Hundred Thousand Dollars ($200,000.00) and thus be willing to forfeit that amount for his freedom. Also, given his age and his indigent status, bail in the amount of Two Hundred Thousand Dollars ($200,000.00) would virtually guarantee his imprisonment and resulting punishment pending trial in violation of the "whole policy and philosophy of bail." *Id.* at 10. As noted by the Court in *Karpouzis, supra,* given Defendant's indigency, such an amount would be the "*sub rosa* use of a money bond to detain" Defendant and "the equivalent of a straight detention order." *Id.* at 849.

In *Bandy v. United States, supra,* the United States Supreme Court stated that there may be other deterrents to jumping bail, [e.g.] long residence in a locality, the ties of friends and family, the efficiency of modern police. All these in a given case may offer a deterrent at least equal to that of the threat of forfeiture. *Id.* at 198.

▮ As with the imposition of bail in the amount of Two Hundred Thousand Dollars ($200,000.00) cash, this Court finds that submitting Defendant to electronic monitoring and house arrest, given his age, lack of criminal history and substantial ties to the community will conflict with his "traditional right to freedom before conviction" thus preventing his "unhampered preparation of a defense and [ ] the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. at 4.

Having determined that Defendant is eligible to be released on his unsecured bond, the Court will order his release upon his posting an unsecured bond in the amount of Fifty Thousand Dollars ($50,000.00).

Even though conditions of release are stated in 18. U.S.C. § 3142(b), such conditions are not all applicable to Defendant and therefore will not be required for his release on personal recognizance or unsecured bond. This Court, however, as a matter of practice and to further ensure the appearance at trial of Defendants so released, generally imposes conditions of release for such persons.

Accordingly, Defendant's release on his unsecured bond will be subject to the following least restrictive conditions: (1) he shall not violate any of the laws of the U.S. Virgin Islands or the United States of America; (2) his mother, Ms. Charen Paris, shall serve as his Third Party Custodian, and he shall reside with her at #58B Dronningens Gade, St. Thomas, Virgin Islands, 00802, during the pendency of this matter; (3) he shall notify the Court of any change in residence of his Third Party Custodian; (4) he shall report to the Office of Probation twice a week pending his trial; (5) he shall not leave the jurisdiction of the U.S. Virgin Islands without the Court's permission; (6) he shall not possess any dangerous weapons or abuse any alcoholic beverages or controlled substances; (7) he shall avoid all contact with any potential witness who may testify against him in this matter; (8) he shall observe a curfew from 9:00 p.m. until 6:00 a.m. daily; and (9) he shall report immediately to the Department of Labor, for assistance in obtaining gainful employment during the pendency of this matter and shall regularly report to the Office of Probation the results of his contacts with the Department;

In the event Defendant violates any of the conditions of his release, he could be held in contempt of Court, his release on his unsecured bond and into the third party custody of his mother could be revoked and he could be remanded to the Bureau of Corrections pending his trial.

## CONCLUSION

In light of the foregoing, Defendant's "Motion to Set Bail" will be GRANTED. An appropriate Order is attached.